## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:21-CR-00025-JDK-KNM** |
| **vs.** | § | |
| | § | |
| | § | |
| **JERROD CARL BIRDWELL (11)** | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On July 21, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

### *Background*

After pleading guilty to the offense of Possession with Intent to Distribute and Distribution of Less Than 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, and Aiding and Abetting, a Class C felony, Jerrod Carl Birdwell was sentenced on September 14, 2021, by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of II, was 63 to 78 months. The Court sentenced Defendant to imprisonment for a term of 63 months, followed by a 3-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include financial disclosure, substance abuse aftercare, must acquire a high school equivalency certificate, and a $100 special assessment. Defendant completed his term of imprisonment and

1

started his term of supervised release on October 11, 2024.  Defendant's supervision was transferred from the Northern District to this district on July 1, 2025.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 15, 2025, United States Probation Officer Alan Elmore alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant committed the offense of Evading Arrest or Detention with a Vehicle in Anderson County, Texas, on December 6, 2025.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  He must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant reported to the probation office on November 14, 2025 and submitted a drug test that was positive for methamphetamine.  Defendant admitted to using the drug on the previous night, as well as sporadically using the drug for the previous two weeks.  On December 5, 2025, Defendant admitted to using methamphetamine on at least one occasion on or around that date.

3. **Allegation 3 (standard condition 5): The defendant must live at a place approved by the probation officer.  If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.**  It is alleged that Defendant moved out of his approved residence in Gun Barrel City, Texas, on or around October 17, 2025, relocating to the Jacksonville/New Summerfield, Texas area.  Defendant did not notify the probation officer of this move within 10 days prior to or 72 hours after the move.  Defendant returned to the residence in Gun Barrel City on or around November 23, 2025, and he was instructed to not move again without approval from the probation office.  On or around December 1, 2025, Defendant again left his approved residence in Gun Barrel City, Texas without approval from the probation office and he was living in the Jacksonville/Rusk, Texas area.  On December 5, 2025, Defendant was given specific instructions to return to your approved residence in Gun Barrel City.

4. **Allegation 4 (standard condition 8): The defendant must not communicate or interact with someone he knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, he must not knowingly**

communicate or interact with that person without first getting the permission of the probation officer.** It is alleged that Defendant was stopped by a Cherokee County Sheriff's Office deputy on November 20, 2025, and issued a warning for having an expired registration. The passenger in the vehicle had been engaged in criminal activity and was arrested on a felony warrant for drug possession.

5. **Allegation 5 (standard condition 9): If the defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours.** It is alleged that Defendant failed to notify the probation officer within 72 hours of the traffic stop on November 20, 2025.

6. **Allegation 6 (standard condition 13): The defendant must follow the instructions of the probation officer related to the conditions of supervision.** It is alleged that Defendant was instructed on November 14, 2025 to respond to contact from the substance abuse treatment provider when they called to schedule an assessment. According to the treatment provider, multiple contact attempts, including text messages, were made to Defendant between December 2, 2025 and December 7, 2025. Defendant failed to schedule his assessment as instructed. On November 24, 2025, after returning to his approved residence in Gun Barrel City, Texas, Defendant was instructed not to move again without notifying the probation officer. Defendant failed to follow this instruction by moving on or around December 1, 2025. On December 5, 2025, Defendant was instructed to report to the probation office on December 9, 2025. On December 9, 2025, Defendant reported that his vehicle broke down and he was having it towed back home. Defendant was instructed to report on December 10, 2025. On December 10, 2025, Defendant failed to report as instructed.

7. **Allegation 7 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program.** It is alleged that Defendant failed to report for a random drug test at the contract testing provider on December 3, 2025. On December 5, 2025, Defendant admitted that he failed to report for the drug test on purpose because he was actively using methamphetamine and he knew that he would test positive.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 6 to 12 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting a positive drug test, admitting to the use of methamphetamine, failing to notify the probation officer of a change in residence, interacting with someone engaged in criminal activity, failing to notify the probation officer of law enforcement contact, failing to follow the instructions of the probation officer, and failing to report for a random drug test, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 4 to 10 months.

### *Hearing*

On July 21, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 10 months to be followed by a 12-month term of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FCI Seagoville.  Defendant asserted that he has been in continuous custody since March 6, 2026.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true.  Defendant is guilty of a Grade B supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 10 months to be followed by a 10-month term of supervised release.  Through an individualized assessment, I determined that a 12-month term of supervised release is warranted subject to the same conditions imposed in the original judgment and two additional special conditions for mental health treatment and alcohol abstinence.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 10 months to be followed by a 12-month term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 10 months to be followed by a 12-month term of supervised release.

So ORDERED and SIGNED this 21st day of July, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE